UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dolores Kelly,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Wedge Wood,<br><br>　　　　　　　　Defendant. | Case No.: 23cv592-JO-DDL<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM; AND DENYING MOTION TO APPOINT COUNSEL** |

On April 3, 2023, Plaintiff Dolores Kelly filed a complaint, a motion for leave to proceed *in forma pauperis* ("IFP"), and a motion to appoint counsel. For the reasons stated below, the Court grants the IFP motion, dismisses the complaint without prejudice for failure to state a claim, and denies the motion to appoint counsel without prejudice.

### I. MOTION FOR LEAVE TO PROCEED IFP

Upon review of Plaintiff's affidavit in support of her IFP motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fee required to prosecute this action. Accordingly, the Court grants the IFP motion [Dkt. 2].

### II. FAILURE TO STATE A CLAIM

Although the Court allows Plaintiff to proceed IFP, the complaint must be dismissed for failure to state a claim. The Court is under a continuing duty to dismiss an IFP case whenever the Court determines that the action "fails to state a claim upon which relief can

be granted." 29 U.S.C. § 1915(e)(2)(B)(ii). While Plaintiff's complaint seems to focus on fraud regarding real property, the nature of the claims alleged is unclear. *See Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007). The complaint also contains no allegations regarding the basis for the Court's subject matter jurisdiction. *See, e.g.*, 28 U.S.C. §§ 1331, 1332. For these reasons, the Court dismisses the complaint without prejudice for failure to state a claim.

### III. MOTION TO APPOINT COUNSEL

Plaintiff also filed a motion to appoint counsel. Dkt. 3. There is no constitutional right to counsel in civil cases, and the Court appoints counsel pursuant to 28 U.S.C. § 1915(e)(1) only in "exceptional circumstances." Exceptional circumstances require a plaintiff to show a likelihood of success on the merits and an ability to articulate her claims "in light of the complexity of the legal issues involved." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Because the Court finds the nature of Plaintiff's claims unclear, it cannot conclude that Plaintiff has established a likelihood of success on the merits at this stage. For this reason, the Court denies Plaintiff's motion to appoint counsel without prejudice [Dkt. 3].

### IV. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP motion [Dkt. 2], denies the motion to appoint counsel [Dkt. 3] without prejudice, and dismisses Plaintiff's complaint without prejudice. The Court grants Plaintiff leave to file an amended complaint that sets forth the basis of the Court's subject matter jurisdiction **on or before May 31, 2023**. Failure to do so will result in dismissal of the case for failure to prosecute.

**IT IS SO ORDERED.**

Dated: 4/11/23

Honorable Jinsook Ohta
United States District Judge